# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN CARLINO, an individual, EAD COSMETICS LLC, a Florida Limited Liability Company, and CARLINO & DAVIS INTERNATIONAL LLC, a Florida Limited Liability Company,<br><br>Plaintiffs,<br>v.<br><br>ERIK ALAN DAVIS, an individual d/b/a ERIK ALAN DAVIS, LE SUPREME, a Florida Limited Liability Company, and TIM HOCKLANDER, an individual,<br><br>Defendants. | **CASE NO.: 0:18-cv-61620-DPG** |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order shall confirm that the parties and their counsel agree to the following, which shall not prevent any party from requesting that another party or the Court modify any designation or permit broader or more limited disclosure of any particular documents or information. The burden of proving to the Court that the information has been properly designated and requires the protection of such designation shall be on the party that made the original designation.

## DEFINITIONS

1. "Producing Party" means the party producing material, whether a party to this case or a third party that has discoverable information.

1

2. "Classified Information" consists of "Confidential Information" and "Attorneys' Eyes Only Information."

3. "Confidential Information" means information that is determined by the Producing Party, acting in good faith, to be any type of (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known in the context or form as known by the producing party; (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the producing party would require such third parties to maintain the information in confidence; and (d) information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). "Confidential Information" includes, but is not limited to, confidential research, development, technical, or commercial information, as well as other such information that the requesting party and non-parties would not have access to but for this litigation.

4. "Attorneys' Eyes Only Information" means Confidential Information that the Producing Party reasonably believes, in good faith, is so highly confidential and proprietary that disclosure to an opposing party would create a substantial risk of serious and irreparable injury. Examples of such information could include trade secret information, future product plans, competitive pricing, customer lists, and competitive business financial information that the designating party reasonably believes, in good faith, is of such a nature that its disclosure may impact its competitive position relating to the receiving party or third parties.

5.  "Counsel" shall mean attorneys, paralegals, and staff in the law firms identified below who are representing the parties in the captioned action:

    Richter Trademarks, P.L.
    The Concept Law Group, P.A.
    Cobb Eddy, PLLC

    and any other Counsel who hereinafter enters a Notice of Appearance in this lawsuit.

6.  "Independent Experts and Consultants" shall mean consultants or experts retained for purposes of this case who are not (a) competitors of any party to this action, (b) a current officer, director, or employee of a party, nor anticipated at the time of retention to become an officer, director or employee of a party, and (c) have not within the past year been an officer, director, employee, or in-house consultant to any party to this case.

**SPECIFIC PROVISIONS**

7.  **Scope of Order**. This Order shall not govern the admissibility of evidence during the trial nor does it prohibit either party from seeking a protective order to govern disclosure of confidential information to the public during the trial. As part of the pretrial planning phase of this case, the Parties will meet to discuss whether to extend this Order to the trial of this matter, or whether to enter into a separate Protective Order.

8.  **Limited Use of Classified Information**. Information or documents designated as

"Confidential" or "Attorneys' Eyes Only" must not be used or disclosed by the parties, counsel for the parties or persons authorized to receive Classified Information under paragraphs 10 and 11 of this Order, for any purposes whatsoever other than preparing for and conducting the litigation, including appeals, in which the information or documents were disclosed. Prohibited uses of Classified Information include but is not limited to use for competitive purposes.

9. **Designating Classified Information**. The Producing Party may designate the material produced as "Confidential" or "Attorneys' Eyes Only" only when the Producing Party in good faith believes the document contains information subject to paragraphs 3 & 4, above. Designation of Classified Information shall be made by placing or affixing on the information or document in a manner that will not interfere with its legibility the terms "Confidential" or "Attorneys' Eyes Only", except for Classified Information not reduced to documentary, tangible or physical form, or which cannot be conveniently marked as containing "Confidential" or "Attorneys' Eyes Only" information, which accordingly shall be designated by the party asserting its confidentiality by identifying the same as "Confidential" or "Attorneys' Eyes Only" information at the time of disclosure and/or by confirming the same within fourteen (14) days thereafter (or as soon as reasonably practical) by sending counsel for the opposing party a correspondence identifying the Classified Information. Classified Information may be designated as such by stamping or otherwise marking information prior to production or disclosure of the information or documents, except for documents produced for inspection at the party's facilities

and deposition testimony.

a. For all written material, documents or tangible items, the designation "Confidential" or "Attorneys' Eyes Only" shall be placed on the first page and also on each page disclosing the Classified Information.

b. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked "Confidential" or "Attorneys' Eyes Only." Once specific documents have been designated for copying, any documents containing Classified Information will then be marked "Confidential" or "Attorneys' Eyes Only" after copying but before delivery to the party who inspected the documents and designated the documents for copying. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and designated pursuant to this procedure.

c. Whenever a deposition involves disclosure of Classified Information:

   i. The disclosing party shall have the right to exclude from attendance at said deposition during such time as Classified Information is to be disclosed to any person other than the deponent, Counsel (including staff and associates), the court reporter/videographer, the person(s) authorized to receive such information pursuant to paragraphs 10 and 11, a present director, officer, employee or contractor of the Producing Party, an author, addressee, or other person indicated as a recipient of a document containing the information, and such other

    person(s) as may be designated later by written agreement of all parties in this action or authorized by order of the Court.

ii. The deposition transcript or portions thereof that contain Classified Information may be designated as containing Classified Information on the record at the time of the deposition. Alternatively, a party may designate portions of depositions as containing Classified Information so long as such designations are made in writing within thirty (30) days after the reporter mails the deposition transcript. Until this thirty (30) day period has passed, all parties shall treat the deposition as though it is marked "Attorneys' Eyes Only" in its entirety. The right to make such designations shall be waived unless made within the thirty (30) day period, unless this period is extended by agreement of the parties. The parties shall cooperate with each other in good faith to provide such designations within a shorter period of time after transcription if a specific need arises and a request is made for expedited processing.

iii. All deposition transcripts and videotaped versions of depositions containing any Classified Information shall be clearly marked on the cover page or, in the case of a videotaped deposition, on the media disk, as either "Confidential" or "Attorneys' Eyes Only." The court reporter shalt be responsible for marking the cover page and all copies of a deposition transcript where the designation of Classified

Information is made on the record at the time of the deposition. Otherwise, each party shall be responsible for making its own copies of any deposition transcript where the designations are made after transcription.

    iv. If any party who wishes to depose a witness using Classified Information that the witness does not have legitimate access to, the party conducting the deposition must first confer with counsel for the party that designated the information concerning whether it agrees or disagrees that the witness may be shown the information at issue subject to the terms of this Protective Order; and if counsel disagrees, the reasons for disagreement. Approval shall not be unreasonably withheld. The parties shall use their best efforts to resolve the matter without requesting Court intervention. The disclosure of any Classified Information to the witness must be withheld pending the ruling of the Court or the agreement of the objecting party.

10. **Persons to Whom "Attorneys' Eyes Only" Information May Be Disclosed**. The parties and counsel must not disclose or permit the disclosure of any documents or information designated as "Attorneys' Eyes Only" pursuant to this Order to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to Counsel (as defined in paragraph 5 of this Order), and their respective partners, associates, clerks, paralegals, legal assistants and support personnel, and organizations retained by such attorneys to provide litigation support services in this action (including employees of said organizations), but only to the extent that these individuals are working on this litigation at the time of disclosure.

b. Disclosure may be made to court reporters and videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of copying, indexing, sorting or making graphic representations from documents provided that such persons are advised that the Classified Information is subject to a protective order.

c. Disclosure may be made to Independent Experts and Consultants employed by the parties or counsel to assist in the preparation of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence, and must sign the Acknowledgment attached as Exhibit A, the original of which shall be retained by the party engaging said consultant or expert.

d. Disclosure may be made to the Court and persons associated with or employed by the Court whose duties require access to such information.

e. Mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the

mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master (s) may serve in that capacity.

    f. Such other people as may be designated at a later time by written agreement of all parties in this action or by order of the Court permitting such disclosure.

11. **Persons to Whom Confidential Information May Be Disclosed**. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as "Confidential" pursuant to this Order to any other person or entity, except that disclosures may be made to the persons described in paragraph 10 above, individuals who are parties to this lawsuit and, in the case of any corporation or other entity that is a party to this lawsuit, the employees, directors, officers or managers to whom it is necessary that the material be disclosed for purposes of this litigation.

12. **Client Consultation**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of documents or information designated as "Attorneys' Eyes Only" or "Confidential," provided that, in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as otherwise permitted by this Order.

13. With respect to all Classified Information, any person indicated on the face of the document to be its originator, author, addressee or recipient of a copy thereof may be shown the document.

14. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "Confidential" or "Attorneys' Eyes Only" under this Order, or any portion thereof, must be immediately affixed with the words "Confidential" or "Attorneys' Eyes Only" if the designation does not already appear.

15. **Classified Information from a Non-Party**. If any non-party is to produce any documents or information to parties in this action (by subpoena or otherwise) that the non-party reasonably believes contains Classified Information, the non-party shall have the same rights as the parties to designate documents and information as "Confidential Information" or "Attorneys' Eyes Only" information under this Protective Order and to have such documents and information treated as Classified Information. A non-party shall have no further rights under this Protective Order other than the ability to designate its documents and information as Classified Information under the terms hereof and to have such documents and information treated as Classified Information. Furthermore, a party may designate as "Confidential Information" or "Attorneys' Eyes Only" information under this Protective Order documents and things produced by a non-party, where the designating party in good faith believes such documents or things may contain

"Confidential Information" or "Attorneys' Eyes Only" information belonging to the designating party.

16. **Classified Information Used in Motion Papers**. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, motions, briefs or any other paper (hereinafter, collectively, "Paper") filed or to be filed with the Court reveal or tend to reveal Classified Information, a party shall file such Paper with Classified Information redacted, and on the same day of filing, shall serve opposing counsel by email with a complete unredacted copy of the Paper. Classified Information appearing within a Paper may be offered in evidence as follows:

    a. Subject to a prior Order of the Court pursuant to paragraph 16(b) immediately below, the Paper must be filed under seal pursuant to Local Rule 5.4 and the pertinent CM/ECF Administrative Procedures. Only the minimum portion requiring sealing should be filed under seal, i.e., the need to seal only one exhibit does not justify sealing all exhibits.

17. **Use of a Party's Own Classified Information**. The restrictions on the use of Classified Information established by this Order are applicable only to the use by a party of Classified Information received from another party. A party is free to use its own Classified Information as it desires.

18. **Use of Classified Information at Public Hearing**. Subject to the Federal Rules of Evidence and Local Rules for the Southern District of Florida, Classified Information may be offered into evidence at any hearing or oral argument, except

for at trial, provided that prior to the hearing or proceeding, the parties shall meet and confer for the purpose of providing reasonable limitations on the use of Classified Information reasonably expected to be introduced or referenced at such public hearing or proceeding. Nothing contained herein shall prevent any party from seeking further protection with respect to the use of any such Classified Information in connection with any public hearing or proceeding in this matter. As part of the pretrial planning phase of this case, the Parties will meet to discuss whether to the extend this Order to the trial of this matter, or whether to enter into a separate Protective Order.

19. **Disputes Regarding Designation of Classified Information**. A party is not obligated to challenge the propriety of a designation at the time the designation is made. A party may challenge the designation of confidentiality by motion at any time. If a dispute arises as to whether a particular document is properly designated as "Confidential" or "Attorneys' Eyes Only," the party seeking such designation has the burden of persuasion, and to prove the same, and may move the Court to place designation on any such designated document. Any dispute shall be raised in writing by the receiving party in email or letter specifying the specific documents in dispute (to the extent practical or feasible), and a specific good faith reason for the dispute as to each document or, if applicable, designated category of documents. If, due to the widespread nature of any over-designation, specific identification of documents is not practical or feasible, the challenging party shall provide enough information to the designating party to allow the designating party to investigate

the dispute. Upon receipt of such written notice of dispute, the designating party shall meet and confer with the receiving party to discuss the dispute. If the parties are unable to resolve the dispute, the designating party may contact the Court to set a hearing for protective order pursuant to this paragraph within fifteen (15) days of said receipt. If a hearing for protective order is scheduled within said time period, the designation shall remain until and unless modified by the Court. However, if a hearing for protective order is not scheduled within such time period, and unless the parties agree in writing to some other arrangement extending the date for, or mooting the need for the protective order, then the designation will be said to have been removed until such time as a hearing for protective order is thereafter scheduled <u>and</u> the motion granted. Any time periods set forth herein shall be calculated as set forth in Fed. R. Civ. P. 6(a).

20. **Notice of Breach by Third Party**: It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by a third party, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

21. **Litigation Use Only**: All Classified Information materials produced in this litigation, whether by a party or nonparty, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

22. **Subpoena by Other Courts or Agencies**: If another court or an administrative agency subpoenas or orders production of Classified Information that a party obtained under the terms of this Order, the party receiving the subpoena shall promptly notify the party or other person who designated the Classified Information of the pendency of such subpoena or order.

23. **Non-Parties**: Non-parties who are required to produce Classified Information in response to a subpoena, and who in good faith believe that such material contains Classified Information, may rely on this Order and apply it to their production.

24. **Responsibility of Attorneys**: The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and distribution of copies of Classified Information. The attorneys of record further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of Classified Information.

25. **Conclusion of Litigation**. Within sixty (60) days after the final conclusion of this litigation, including all timely appeals, all Classified Information shall, at the receiving party's option, be destroyed or returned to the Producing Party. Each party's Counsel, however, may retain archival copies of all attorney work product, consultant work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the parties. Any Classified Information in the archival copy shall remain subject to the provisions of

this Order. Any Producing Party may send a letter requesting confirmation of the destruction or return of the Classified Information, and the receiving party shall respond to such letter. The terms of this Order shall survive and remain in full force after the termination of this action, and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Classified Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.  Notwithstanding the provisions of the above paragraphs, the commitments made by the parties to this litigation shall not extend to any part of data or information that:

a. was rightfully known to the receiving party prior to the date the disclosure to the receiving party was made by the furnishing party, as evidenced by written records;

b. was known to the public or generally available to the public prior to the date the disclosure was received by the receiving party;

c. becomes known to the public or generally available to the public subsequent to the date it was received by the receiving party, through no act or failure to act on the part of such receiving party; or

d. was disclosed or made available to the receiving party at any time by a third party having a bona fide right to disclose or make available same to the said receiving party.

26. **<u>Inadvertent Disclosure of Privileged Information</u>**. Resolution of any issues related to claims that privileged documents and/or information have been inadvertently disclosed shall be governed by Fed. R. Civ. P. 26(b)(5)(B) and applicable law.

27. **<u>Reservation of Rights</u>**. This Order shall not abrogate or diminish any contractual or statutory or other legal obligation or right of any party or person with respect to Classified Information. Provided, however, that this Order contemplates the production of Classified Information that may be subject to non-privileged confidentiality agreement(s) between a party and a non-party. A party who objects to producing Classified Information on grounds that such information belongs to a non-party under a confidentiality agreement must file a motion for a protective order under Fed. R. Civ. P. 26(c) and Local Civil Rule 5. In such instance, the party filing the motion bears the burden of demonstrating why such Classified Information should not be produced. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (1) whether any particular material is confidential; (2) whether any particular information or material is entitled to a greater or lesser degree of protection; or (3) whether any particular

information or material is admissible, discoverable or relevant to any issue or this case, provided that in doing so the party complies with the foregoing procedures.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of December 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

# **EXHIBIT A**

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Florida on _____[date] in the case of *John Carlino, et al. v. Erik Alan Davis, et al.*, *1:18-cv-61620-DPG*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____          _____
Date                                                  Signature